# IN THE COURT OF APPEALS OF IOWA

No. 17-0924
Filed April 4, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RONDELL CLARK SR.,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

A defendant appeals his conviction for assault causing bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Rondell Clark Sr. appeals his conviction for assault causing bodily injury, in violation of Iowa Code sections 708.1 and 708.2(2) (2016). Clark claims the evidence was insufficient to convict him, as the victim's name was incorrect. In the alternative, Clark claims trial counsel was ineffective. We find Clark did not preserve error on his claim of insufficient evidence. We also find trial counsel was effective. We affirm the district court.

## I. Background Facts and Proceedings

On October 1, 2016, John Taylor and Tina Ackerson witnessed Clark "beating on a girl." Taylor saw Clark hitting the woman in the head and chest, pinning her against a garage door, throwing her to the ground, and continuing to strike her. Taylor called the police. An officer from the Waterloo Police Department arrived approximately six minutes after dispatch received the call.

The officer witnessed Clark on top of the woman, holding her on the ground. The officer ordered Clark to stand up and back away; he complied. The woman identified herself as Latanya Pipes. She had a bruise over her right eye and was covered in dirt and debris. Clark was arrested.

At trial Clark testified he did not know anyone named Latanya Pipes. He also testified he knew the woman as "Pookie" and she was staying with him. At various times during the investigation and trial, Clark said he had known the woman for his whole life and they "called themselves cousins," or that they had met through his cousin and he had only known her a few months. Clark admitted he was arguing with the woman, though in his version of events she was the initial aggressor.

The jury instructions stated:

> 1. On or about October 1, 2016, the defendant did an act which was intended to cause pain or injury to Latanya Pipes, OR resulted in physical contact which was insulting or offensive to Latanya Pipes, OR place Latanya Pipes in fear of immediate physical contact which would have been painful, injurious, insulting, or offensive to her.
> 2. The defendant had the apparent ability to do the act.
> 3. The defendant's act caused a bodily injury to Latanya Pipes, as defined in Instruction No. 11.
> 4. The defendant acted without justification.

On January 17, 2017, the jury found Clark guilty of assault causing bodily injury. On February 27, Clark filed a motion for new trial. At the hearing for the motion for new trial, Clark revealed the woman's name was actually Lakiya Gresham and she testified on his behalf. His motion was denied by the court on April 14. On June 2, Clark was sentenced to 365 days imprisonment, but it was suspended and Clark was placed on probation. Clark now appeals.

## II.    Standard of Review

Claims that evidence is insufficient are reviewed for correction of errors at law. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). We consider the entirety of the record in the light most favorable to the State, and the verdict will be upheld if it is supported by substantial evidence. *See id.* "Evidence that could convince a trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt is substantial evidence." *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996).

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be

decided on that ground alone without deciding whether the attorney performed deficiently."  *Id.*  Both elements must be proved by a preponderance of the evidence.  *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

## III.    Preservation of Error

Clark claims the State did not have sufficient evidence to convict him as the victim's name was listed as Latanya Pipes.  The State claims Clark did not preserve error on his claim of insufficient evidence.  Clark claims error was preserved by his motion for judgment of acquittal.  "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Clark claims trial counsel specifically challenged the State's failure to prove Latanya Pipes was the victim by challenging the jury instructions stating "that the defendant's act caused a bodily injury . . . to Latanya Pipes."  However, when the individual quote is viewed in the wider context of the motion for a judgment of acquittal, it is clear Clark was actually challenging the existence of an injury, not the victim's identity.  Trial counsel for Clark stated:

> [T]he generic instruction for assault causing bodily injury  . . . element three is that the defendant's act causes a bodily injury . . . to Latanya Pipes as defined.  And a bodily injury is defined as physical pain, illness or any impairment of physical condition.
> The defense does not believe that the State has presented any evidence that the defendant caused the bodily injury that the State marks in their State's exhibits . . . .

We find Clark did not raise the issue of the victim's identity before the district court, and so, did not preserve the issue for appellate review.

## IV.    Ineffective Assistance of Counsel

Clark also claims his counsel was ineffective for failing to challenge the sufficiency of the evidence. Clark claims the State's failure to properly name the victim mislead him and prevented him from being able to properly prepare his defense. We find this claim is without merit. Clark was arrested while the alleged conduct was still occurring and the victim was still present at the scene. Secondly, the victim was known to Clark and he had known her for either his entire life or for at least several months depending on which version of events is accepted. Finally, Clark was able to locate, contact, and arrange for the victim to appear when it became necessary to do so for his post-trial motion. Taken together, these facts indicate Clark clearly knew who the alleged victim was and, therefore, the incorrect name did not prejudice his defense. We find Clark's trial counsel was effective.

**AFFIRMED.**